J-A03030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY LEE HODGES | : | |
| | : | |
| Appellant | : | No. 604 MDA 2020 |

Appeal from the PCRA Order Entered January 16, 2019,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0003261-2017.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JUNE 7, 2021**

Tracy Lee Hodges appeals, *nunc pro tunc*, from the order denying his timely petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  Additionally, Hodges' court appointed PCRA counsel has filed a motion for leave to withdraw.[1]  We grant counsel's

---

[1] In lieu of an advocate's brief, PCRA counsel has filed brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  **Anders** applies to counsel who seeks to withdraw from representation on direct appeal.  **Anders** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).  Thus, we will assess counsel's assertion that the issues Appellant wishes to raise have no merit under a **Turner**/**Finley** analysis.

motion to withdraw and affirm the PCRA court's order denying post-conviction relief.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On May 26, 2017, Hodges cut a first floor window screen to gain access to the interior of an occupied residence on East Lemon Street in the City of Lancaster. The resident heard noises on the first floor and discovered the intruder in his kitchen. When the resident called the police, the suspect fled through the rear yard. The police later located clothing and a photo identification of a male with the name of [Hodges] under overturned trash cans in the back yard. The resident identified the suspect from the recovered photo identification.
>
> Hodges was arrested on May 27, 2017, and admitted that he burglarized the residence on East Lemon Street. As a result, Hodges was charged with burglary and criminal mischief. Hodges tendered a negotiated guilty plea to the charge of burglary on September 29, 2017. [In accordance with the plea agreement, the trial court immediately sentenced Hodges to] 6 to 12 years' incarceration, plus fine and costs.

PCRA Court Opinion, 1/16/19, at 1-2 (footnotes omitted).

On May 16, 2018, Hodges, acting *pro se*, filed an untimely motion for reconsideration. In this pleading, he also challenged the effective assistance of his trial counsel. Treating the filing as a timely PCRA petition, the PCRA court appointed counsel. PCRA counsel filed an amended petition on June 28, 2018. In this petition, Hodges claimed that trial counsel's incorrect advice coerced him into entering his guilty plea. The Commonwealth filed a response.

On December 12, 2018, the PCRA court held an evidentiary hearing at which trial counsel and Hodges testified. By order entered January 16, 2019, the PCRA court denied Hodges' PCRA petition. Although Hodges did not file a timely appeal, his appellate rights were reinstated *nunc pro tunc.* The PCRA court directed Hodges to file a Pa.R.A.P. 1925(b) statement. Thereafter, PCRA counsel filed an intent to file an ***Anders***/***Santiago*** brief in lieu of a concise statement.

We first address PCRA counsel's motion to withdraw. Pursuant to ***Turner/Finley***, ***supra***, before seeking leave to withdraw, a criminal defendant's counsel must review the record to determine if any meritorious issue exists. ***See Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In ***Pitts***, our Supreme Court explained that such review by counsel requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

***Id***. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward

to the petitioner a copy of the petition to withdraw that includes (1) a copy of both the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review, we conclude that PCRA counsel has substantially complied with the **Turner/Finley** requirements as set forth above. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review Hodges' ineffectiveness claim to ascertain whether it entitles him to relief.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Hodges' claim alleges that trial counsel was ineffective because he coerced him to enter a guilty plea. To obtain relief under the PCRA premised

on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his [or her] guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]
>
> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea

depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

Here, the PCRA court concluded Hodges' claim that trial counsel was ineffective by coercing him to enter a guilty plea did not provide a basis for post-conviction relief. Before reaching this conclusion, the court considered the testimony from both trial counsel and Hodges at the PCRA hearing. The PCRA court summarized their testimony as follows:

> Hodges claimed [trial] counsel unlawfully induced him to enter a plea. In support of this argument, Hodges averred that [trial counsel] coerced him to plead guilty by advising him that if he refused the Commonwealth's plea offer and chose to exercise his right to trial he faced the possibility of 25 years in prison.
>
> [Trial counsel] testified first at the evidentiary hearing. [He] stated that he did not initially represent Hodges at the preliminary hearing. However, after being assigned the case, he met with Hodges at the prison at least three times prior to his guilty plea. At those meetings, [trial counsel] talked to Hodges about the evidence against him, his prior record, his history of bipolar disorder, possible defenses, and his options regarding going to trial or entering a plea.
>
> It was at the preliminary hearing when Hodges was informed, by the prior public defender representing him at the time, that the Commonwealth was not making any kind of offer and that Hodges was facing a third strike, which meant a sentence of 25 years to life in prison. [Trial counsel] later told Hodges that he would try to negotiate with the Commonwealth to get rid of the strikes altogether or at least knock the strikes down from three to two.
>
> Ultimately, [trial counsel] negotiated a deal with the Commonwealth in which Hodges would plead guilty to the felony charge of burglary, the criminal mischief would be

*nolle prossed*, and Hodges would serve a sentence of incarceration of 6 to 12 years. When [trial counsel] presented the deal to Hodges, he cautioned Hodges that if he did not accept the Commonwealth's offer and chose to exercise his constitutional right to a jury trial, the Commonwealth would invoke the strikes. If a second strike was invoked, Hodges was looking at 10 to 20 years' incarceration. If a third strike was invoked and substantiated, he was facing a sentence of 25 years to life. However, [trial counsel] denied ever telling Hodges that he had to take the offer or get 25 years to life in prison.

Hodges took the stand next and candidly told the PCRA court that even were the information given by [trial counsel] wrong as to the number of years he was facing as a prior felon with two or three strikes, he would not have exercised his constitutional right to a jury trial and would have accepted the Commonwealth's offer of 6 to 12 years' incarceration because the offer was within the Sentencing Guidelines and did not include *any* strike offenses.

PCRA Court Opinion, 1/16/19, at 4-6 (emphasis in original; citations to record omitted).

Given the above, the PCRA court concluded that Hodges did not rely on trial counsel's advice when entering his guilty plea. Thus, because he was unable to prove prejudice, his claim of ineffectiveness related to the entry of his plea failed. *Id.* at 6. Our review of the certified record, including Hodges' written and oral plea colloquies, as well as the PCRA hearing testimony, supports this conclusion. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (explaining that, when supported by the record, the PCRA court's credibility determinations are binding on this Court).

In sum, because Hodges' claim of ineffectiveness regarding the entry of his guilty plea is refuted by the record and otherwise meritless, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2021